## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

v.                                             **CRIMINAL CASE NO. 4:25-cr-177-MPM-JMV**

**BRANDON ADDISON, et al.**

### ORDER GRANTING MOTION FOR PROTECTIVE ORDER

Before the Court is the United States of America's Motion for Protective Order [Doc. 127].[1] One response in opposition [Doc. 135] was filed by defendant Torio Chaz Wiseman, and a reply [Doc. 140] was filed by the United States.

Upon submission by the United States of America, the Court finds that good cause exists to enter a protective order in the above-captioned case. In his response in opposition, defendant argues that it would be inconvenient for Wiseman's counsel to be unable to provide a copy of the discovery to Wiseman and that the government has failed to show that Wiseman has threatened any witness in this matter.

The government concedes in its reply that Wiseman has not made any threats toward anyone, but that "given the nature of this case, the government has concerns about the potential safety of government informants." [Doc. 140] at 1. In fact, the government has cited a need to both protect potential witnesses as well as the need to streamline the discovery process by avoiding a lengthy redaction of discovery materials that will significantly delay the production of discovery to the defendants.

---

[1] As the government noted in its reply, in correspondence dated November 21, 2025, the undersigned required expedited response(s) in opposition be filed by November 25, 2025. The reply, if any, was also due on November 25, 2025.

The Court finds that given the quantity of discovery materials, entry of a blanket protective order will expedite the flow of discovery and avoid the time consuming, inefficient process of a document-by-document review. *See United States v. Bulger*, 283 F.R.D. 46, 52 n.11 (D. Mass. 2012). Here, the inconveniences cited by the defendant are outweighed by the benefits of entry of the proposed protective order. Accordingly, the undersigned finds that the balancing test weighs in favor of granting the instant motion for entry of a protective order.

IT IS, THEREFORE, ORDERED that all discovery materials produced by the government in this case, and all sealed filings to the court docket, as well as any manual and mechanical reproductions thereof:

(a) will not be copied, except to the extent needed as trial exhibits or as counsel's working copies;

(b) will not be shared outside of the defendant's counsel's office, or the correctional facility library if a defendant's bond were revoked prior to trial, with any person not employed by defendant's counsel;

(c) will not be provided to, or kept by, a defendant, except that defendant's counsel may take the materials to a defendant and show them to a defendant;

(d) will not be discussed or shared between defendants in this matter or other related matters listed herein, or between a defendant and others involved in the offenses in the Indictment;

(e) that the defendants, defendants' counsel, and any agent thereof, be prohibited from disseminating any of these materials or disclosing any information contained therein to anyone other than to this Court, to his or her client in this case, or witnesses and individuals necessary to the preparation of a defense with which Defense Counsel deems necessary to discuss Discoverable Material except that defense counsel may discuss the materials with other defense counsel in this case; and

(f) any attorney of record who is retained or appointed to represent a defendant or who is later relieved of representation of a defendant is bound by the terms of this Order unless excused from its terms by Court Order.

The related matters to which Order applies are:

U.S. v. Jamario Sanford and Marvin Flowers, Criminal Case No. 4:25-cr-182;

U.S. v. Martavis Moore, Criminal Case No. 4:25-cr-181;

U.S. v. Chaka Gaines, Criminal Case No. 4:25-cr-180;

U.S. v. Marquivious Bankhead, Criminal Case No. 4:25-cr-178;

U.S. v. Brandon Addison, et al., Criminal Case No. 4:25-cr-177;

U.S. v. Dequarian Smith, Criminal Case No. 4:25-cr-183.

Accordingly, the United States of America's Motion for Protective Order [Doc. 127] shall be and is hereby GRANTED.

**IT IS SO ORDERED**, this, the 2nd day of December, 2025.

*/s/ Jane M. Virden*
**Jane M. Virden**
**U.S. Magistrate Judge**